IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOYCE HERR as PERSONAL REPRESENTATIVE
OF the ESTATE OF JAMES HERR and as the
SURVIVING SPOUSE OF JAMES HERR,

     Plaintiff,

vs.                                   Case No.: 6:19-cv-394-Orl-37TBS

VOLUSIA COUNTY, a political subdivision
of the State of Florida, and ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,
a Florida profit corporation
     Defendants.
_____/

## AMENDED COMPLAINT

    Plaintiff sues all of the above Defendants and would allege as follows:

## INTRODUCTION

    1.     This is a civil action seeking damages against Defendants VOLUSIA COUNTY, a political subdivision of the State of Florida; and ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida profit corporation, for committing acts, under color of state law, which deprived the Plaintiff of his rights secured under the Eighth and Fourteenth Amendments to the Constitution of the United States to be free from cruel and unusual punishment.

## JURISDICTION

    2.     This court has jurisdiction of this cause under Title 42, U.S.C. §1983, 28 U.S.C. §§1331 and 1343.

## PARTIES

3.      Plaintiff JOYCE HERR is the surviving spouse of JAMES HERR and Personal Representative of the Estate of James Herr.  JOYCE HERR was a citizen and resident of Florida residing in New Smyrna Beach, Florida at all pertinent times to this lawsuit.

4.      Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., provides medical, dental, and mental health services to patients in jails and prisons in Volusia County, Florida.

5.      Defendant VOLUSIA COUNTY is a political subdivision of the State of Florida.

## ALLEGATIONS

6.      On or about March 13, 2015, the Decedent JAMES HERR was arrested in New Smyrna Beach, Florida.

7.      Volusia County Sheriff's Office transported the Decedent, JAMES HERR, to Volusia County Jail in Daytona Beach, Florida.

8.      Prior to being transported to the Jail, Plaintiff JOYCE HERR instructed the New Smyrna Police Department and the Emergency Medical Services ("EMS"), provided and acting as an agent of Defendant, VOLUSIA COUNTY, that Decedent was on multiple medications for various ailments.  EMS refused to take the list of medications with the Decedent on the transport to the hospital.  Further, Plaintiff made numerous attempts to contact the Volusia County Jail to inform the jail of the Decedent's medical conditions.

9.      The Decedent, while incarcerated at Volusia County Jail was found to be incoherent, delusional, had inappropriate affect, not providing logical answers, repeating random thoughts and was unable to complete a full assessment.  Decedent did tell jail personnel that Decedent was taking some medication.  As a result, the Decedent was placed into a cell for inmates

at risk for suicide.

10.     On or about March 19, 2015, the Decedent was found unresponsive in his cell. The Decedent was transferred to Ormond Memorial Hospital, where the Decedent was pronounced deceased.

11.     The Medical Examiner's office determined that the cause of death was hypertensive heart disease with left ventricular hypertrophy.

12.     Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY owe an obligation to provide adequate medical care to detainees and prisoners.

13.     Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY exhibited a deliberate indifference to the Decedent's serious medical needs by not providing any medication to the Decedent. Specifically, the Decedent was not given his blood pressure medication, which lack of that medication led to Decedent's death. Further, the Defendants knew that if Decedent did not take the required medication, death was likely to occur.

14.     Defendant  ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY custom or policy of not attending to obvious medical needs of inmates, by disregarding inmates who come into the jail by ambulance, disregarding inmates informing the jail they are in medical distress and disregarding family members of the inmates who call to inform the jail of the medical conditions and is evidenced by similar incidents as set forth in this complaint involving Defendant  ARMOR CORRECTIONAL HEALTH SERVICES, INC., especially in Volusia county.

15.     Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and

Defendant VOLUSIA COUNTY were acting under color of state law.

16.     Defendant   ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY acted unreasonably under the circumstances by not following clear Florida law.

17.     As a result of Defendant   ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY conduct and behavior, Plaintiff JOYCE HERR suffered mental anguish, psychological and emotional distress, and loss of capacity for the enjoyment of life.

18.     Defendant   ARMOR CORRECTIONAL HEALTH SERVICES, INC.,   and Defendant VOLUSIA COUNTY conduct and resulting injury to the Decedent and violated Decedent's right to be free from cruel and unusual punishment guaranteed under the Eighth Amendment to the United States Constitution.

WHEREFORE, Plaintiff JOYCE HERR demands judgment against Defendant   ARMOR CORRECTIONAL HEALTH SERVICES, INC.,   and Defendant VOLUSIA COUNTY for compensatory, special and punitive damages and an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all issues triable by a jury herein.

**JOHN D. MIDDLETON, ESQUIRE**
Fla. Bar #224553
**MIDDLETON & MIDDLETON, P.A.**
303 State Road 26
Melrose, FL  32666
Phone: 352/475-1611
Fax: 352/475-5968
E-Mail: service@fightingforall.com
Attorney for Plaintiff