IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOYCE HERR as PERSONAL REPRESENTATIVE
OF the ESTATE OF JAMES HERR and as the
SURVIVING SPOUSE OF JAMES HERR,

    Plaintiff,

vs.                                    Case No.: 6:19-cv-394-Orl-37TBS

VOLUSIA COUNTY, a political subdivision
of the State of Florida, and ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,
a Florida profit corporation

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff sues all of the above Defendants and would allege as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants VOLUSIA COUNTY, a political subdivision of the State of Florida; and ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida profit corporation, for committing acts, under color of state law, which deprived the Plaintiff of his rights secured under the Fourteenth Amendments to the Constitution of the United States to be free from cruel and unusual punishment.

### JURISDICTION

2. This court has jurisdiction of this cause under Title 42, U.S.C. §1983, 28 U.S.C. §§1331 and 1343.

## PARTIES

3. Plaintiff JOYCE HERR is the surviving spouse of JAMES HERR and Personal Representative of the Estate of James Herr. JOYCE HERR is a citizen and resident of Florida residing in New Smyrna Beach, Florida at all pertinent times to this lawsuit.

4. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., provides medical, dental, and mental health services to patients in jails and prisons in Volusia County, Florida.

5. Defendant VOLUSIA COUNTY is a political subdivision of the State of Florida.

## ALLEGATIONS

6. On or about March 13, 2015, the Decedent JAMES HERR was arrested in New Smyrna Beach, Florida.

7. Volusia County Sheriff's Office transported the Decedent, JAMES HERR, to Volusia County Jail in Daytona Beach, Florida.

8. Prior to being transported to the Jail, Plaintiff JOYCE HERR instructed the New Smyrna Police Department and the Emergency Medical Services ("EMS"), provided and acting as an agent of Defendant, VOLUSIA COUNTY, that Decedent was on multiple medications for various ailments. EMS refused to take the list of medications with the Decedent on the transport to the hospital. Further, Plaintiff made numerous attempts to contact the Volusia County Jail to inform the jail of the Decedent's medical conditions.

9. The Decedent, while incarcerated at Volusia County Jail was found to be

incoherent, delusional, had inappropriate affect, not providing logical answers, repeating random thoughts and was unable to complete a full assessment. Decedent did tell jail personnel that Decedent was taking some medication. As a result, the Decedent was placed into a cell for inmates at risk for suicide.

10. On or about March 19, 2015, the Decedent was found unresponsive in his cell. The Decedent was transferred to Ormond Memorial Hospital, where the Decedent was pronounced deceased.

11. The Medical Examiner's office determined that the cause of death was hypertensive heart disease with left ventricular hypertrophy.

12. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. owes an obligation to provide adequate medical care to detainees and prisoners.

13. Defendant VOLUSIA COUNTY owes an obligation provide adequate care to individuals they take care and custody of when transporting those individuals.

14. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. exhibited a deliberate indifference to the Decedent's serious medical needs by not providing any medication to the Decedent. Specifically, the Decedent was not given his blood pressure medication nor was his next of kin contacted to verify medications that Decedent had been taking, and lack of that medication led to Decedent's death. Further, the ARMOR CORRECTIONAL HEALTH SERVICES, INC knew that if Decedent did not take the required medication, death was likely to occur.

15. Defendant VOLUSIA COUNTY failed to train its EMS personnel to accept medication lists from its patients and more specifically take background information from

available sources for EMS patients who are clearly incoherent.

16. As result of the insufficient training of Defendant VOLUSIA COUNTY"S EMS employees, Defendant VOLUSIA COUNTY exhibited a deliberate indifference to the Decedent's serious medical needs by not providing any medication to the Decedent. Specifically, Defendant VOLUSIA COUNTY ignored and refused Decedent's wife's attempt to give EMS a list of medications, which had Decedent taken or had been handed over to the Volusia County Jail, death would not be likely to occur.

16. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC.'s custom or policy of not attending to obvious medical needs of inmates, refusing to give inmates medicine, delay giving medicine to inmates, by disregarding inmates who come into the jail by ambulance, disregarding inmates informing the jail they are in medical distress and disregarding family members of the inmates who call to inform the jail of the medical conditions and as evidenced by similar incidents involving Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. in other county jails in Florida and in Volusia county.

17. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY were acting under color of state law.

18. Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY acted unreasonably under the circumstances by not following clear Florida law.

19. As a result of Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY conduct and behavior, Plaintiff

JOYCE HERR suffered mental anguish, psychological and emotional distress, and loss of capacity for the enjoyment of life.

20.     Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY conduct and resulting injury to the Decedent and violated Decedent's right to be free from cruel and unusual punishment guaranteed under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff JOYCE HERR demands judgment against Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Defendant VOLUSIA COUNTY for compensatory, special and punitive damages and an award of attorney's fees and costs pursuant to 42 U.S.C. §1988.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all issues triable by a jury herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 20th, 2019, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to S. Renee Stephens Lundy, Esq., P.O. Box 2928, Orlando, FL 32802-2929.

/s/ John D. Middleton
**JOHN D. MIDDLETON, ESQUIRE**
Fla. Bar #224553
**MIDDLETON & MIDDLETON, P.A.**
303 State Road 26
Melrose, FL 32666
Phone: 352/475-1611
Fax: 352/475-5968
E-Mail: service@fightingforall.com
Attorney for Plaintiff