IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOYCE HERR as PERSONAL REPRESENTATIVE
OF the ESTATE OF JAMES HERR and as the
SURVIVING SPOUSE OF JAMES HERR,

    Plaintiff,

vs.                                   Case No.: 6:19-cv-00394-RBD-TBS

VOLUSIA COUNTY, a political subdivision
of the State of Florida, and ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,
a Florida profit corporation,

    Defendants.

_____/

## JOINT STIPULATION FOR PROTECTIVE ORDER

The parties to this action, Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., and Plaintiff, JOYCE HERR, as PERSONAL REPRESENTATIVE OF the ESTATE OF JAMES HERR and as the SURVIVING SPOUSE OF JAMES HERR, by their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. § 164.512(e)(1)(i). Certain documents and information to be disclosed or produced in this litigation contain protected health information (as defined by 45 C.F.R. § 160.103), as well as other information protected from disclosure under state and federal law. To preserve the confidentiality of such documents and information it is ordered as follows:

A party producing or propounding written discovery responses or documents that contain protected health information, or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are sometimes referred to in this order as "Protected Documents." The ability to

1

designate materials as confidential under this order is to be used judiciously and reasonably. Counsels are expected to ensure that only truly protected health information receive the "Confidential" designation.

1.    The designation of confidential material shall be made by placing or affixing on each page of the material in a manner, which will not interfere with its legibility the word "CONFIDENTIAL," which word may be accompanied by information specifying the litigation in which the document was produced and indicating that the document is subject to this Agreed Protective Order. The designation of confidential material may be made prior to reproduction of any such material selected on behalf of a party for copying and before distribution of such reproduced material to that party. A party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure.

2.    Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated, orally, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Access to confidential information shall be limited to those persons designated below, and all persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons.

3.    Confidential Information, and the information and contents thereof, may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a.    Plaintiff;

b.    Defendant is a party to this Agreed Protective Order and its respective employees and agents;

c.    Counsel of record for Defendant who is a party to this Agreed Protective Order and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

d.    Experts and consultants retained by Plaintiff or Defendant who are parties to this Agreed Protective Order, whose assistance is necessary for trial preparation of this specific action; and

e.    Any person mutually agreed upon among the parties.

4.    Plaintiff's counsel shall keep records of each of any distributions of copies of Protected Documents to Qualified Persons. Any copy so distributed shall be returned to Plaintiff's counsel at the completion of the Qualified Person's consultation or representation in this case.

5.    Except to the extent otherwise permitted by this Order, counsel for Plaintiff shall keep all materials or information designated as confidential and subject to this Agreed Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

6.    Except to the extent permitted by this Order, each and every Qualified Person provided copies of or access to material designated as confidential pursuant to this Order shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and

3

prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone. Counsel shall provide each Qualified Person a copy of this Agreed Protective Order.

7.  Any Qualified Person having access to material or information designated confidential under this Agreed Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials, or information of any portion thereof, as confidential and all provisions of this Agreed Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by Defendant's counsel.

8.  Promptly after the termination of this action by entry of a final judgment or order of dismissal, all Protected Documents, excluding attorney's work product, shall be returned to counsel for the party producing the documents.

9.  After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Agreed Protective Order is and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

10.  This Agreed Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their attorneys, and employees of such attorneys, and their expert witnesses, consultants, and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Agreed Protective Order.

11. This Agreed Protective Order does not constitute a waiver of any party's right to object to discovery on any ground, nor does it constitute an admission or representation by any party that any document or information designated as confidential is in fact protected health information. In particular, this Agreed Protective Order does not constitute a waiver of Defendant's right to redact documents produced in this action, nor does it constitute a waiver of Plaintiff's right to challenge any such redaction or designation as confidential.

12. Nothing in this Agreed Protective Order shall be deemed to limit a party's right to disclose or use its own information and documents to any person for any purpose.

13. If a party contends that any document has been erroneously designated "CONFIDENTIAL," it shall nevertheless treat the document as confidential unless and until it either (a) obtains the producing party's written permission to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an order of this Court stating that the document is not confidential and shall not be given confidential treatment. Nothing in this Order shall constitute a waiver of any party's right to object to the designation of a particular document as confidential.

14. The undersigned parties agree that any document or discovery subject to this Agreed Protective Order will not be produced to any party until such party has executed this Agreed Protective Order and the same has been entered by the Court.

WHEREFORE, Plaintiff, JOYCE HERR, and Defendant, ARMOR CORRECTIONAL

5

HEALTH SERVICES, INC, respectfully request entry of the attached Protective Order.


JOHN D. MIDDLETON, ESQ.
FL Bar No.: 224553
Middleton & Middleton, P.A.
303 State Road 26
Melrose, FL 32666
Tel: 352/475-1611
Fax: 352/475-5968
Service@fightingforall.com
Counsel for Plaintiff

ROBIN N. KHANAL, ESQ.
FL Bar No.: 0571032
RNK.pleadings@qpwblaw.com
255 S. Orange Ave., Suite 900
Orlando, FL 32801
Tel: (407) 872-6011
Fax: (407) 872-6012
Counsel for Defendant

6